THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH M. PETERKIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered December 4, 1973, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal also brings up for review a decision made during the course of the trial which denied a motion to suppress evidence. Judgment reversed, on the law and the facts, motion to suppress evidence granted, and indictment dismissed. Responding to a call at approximately 5:10 A.M. on April 2, 1973, the arresting officer was informed by a gas station attendant that he had been robbed by a black man, aged 19 to 20, 5 feet and 10 inches in height, and weighing 170 pounds, who had worn a blue ski mask, a brown jacket, blue denim pants and work boots, who the attendant last saw running in the direction of the nearby hospital. The officer's immediate inquiry of the hospital security guard and his search of the hospital grounds proved negative and the officer returned to his normal patrol. A half hour later, in response to a call to see the security guard about a suspicious person, the officer returned to the hospital. The security guard was not there, but the officer was informed by a nurse that she had seen a man fitting the suspect's description having a cup of coffee in the emergency room and wandering in the hospital. He and another officer began a search of the hospital, each going to a different floor; the arresting officer found defendant standing near the sinks in the first floor men's room. Defendant was dressed in a blue jacket, blue plaid pants and work shoes. There was no ski mask. In response to the officer's inquiries, defendant said that his name was "Peterkin" and that he was waiting for someone. He was unable to produce identification and was silent when asked where his friend was. The officer then placed defendant under arrest for loitering and handcuffed him, saying nothing to defendant about the robbery. At that time, the officer noticed a bulge in defendant's right pocket. Examination of the bulge revealed money, which the officer pushed back into defendant's pocket. That money, $58 in bills, was later identified by the complainant as that allegedly stolen from the cash register at the gas station. When searched at the police station, defendant was found to be wearing a pair of blue pants (not jeans), soiled at the knee, underneath his plaid pants. The loitering charge was dismissed and defendant was indicted for robbery. Before defendant's trial, the subdivision of the loitering statute pursuant to which defendant had been arrested (Penal Law, § 240.35, subd 6) was declared unconstitutional (People v Berck, 32 NY2d 567). The trial court, noting that the arresting officer testified that he would have arrested defendant in any event, found that the officer had probable cause to arrest for robbery and denied a motion, made at the trial, to suppress the physical evidence, i.e., the money and the blue pants. However, the warrantless

search, which was made as an incident of an arrest under New York's loitering statute, was illegal since that statute "plainly undercuts the constitutional requirement that arrests are lawful only upon a showing of 'probable cause'" *(People v Berck, supra,* p 572). Put another way, to sustain a search under such circumstances "would emasculate the essential Fourth Amendment protection which only probable cause provides" *(United States ex rel. Newsome v Malcolm,* 492 F2d 1166, 1175). On this record, there was no probable cause to support defendant's arrest for robbery. There was nothing in defendant's appearance or in the surrounding circumstances to connect him with the alleged robbery other than the fact that he, a young black man of similar average build, was present in the first floor men's room of the hospital toward which the suspect had been seen running an hour before. Suspicion is not probable cause for arrest *(Terry v Ohio,* 392 US 1; *Sibron v New York,* 392 US 40). Without the evidence of the money and the pants, there is nothing to connect defendant with the alleged robbery, and thus the indictment must be dismissed. If we were not reversing on other grounds and dismissing the indictment, we would order a new trial because the misconduct of the prosecutor denied defendant a fair trial. The prosecutor's repeated references to matters not in evidence and his refusal to accept the trial court's rulings without further remarks and innuendoes, which had the effect of including in colloquy in the presence of the jury matters which the court had ruled inadmissible, deservedly evoked the court's rebukes, often in the presence of the jury. Interrupting summation, the court stated, *in camera,* for the record, that the prosecutor had created an atmosphere which made the jury feel that the court was prejudiced against the prosecution. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.