■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. PITSLEY, Appellant.—Judgment reversed, defendant's motion to suppress certain statements granted and a new trial granted. Memorandum: The Supreme Court held in *Brown v Illinois* (422 US 590) that the fact that a defendant received a proper administration of *Miranda* warnings prior to the obtaining of admissions sought to be used against him is not sufficient to dissipate the taint of an illegal arrest. Defendant Pitsley was taken into custody near the burglary scene for the purpose of interrogation as a prime suspect with respect to the burglary. Had the People established upon the

suppression hearing that defendant was later placed under arrest at the police station upon information supplied at the station by his younger brother, then it reasonably could be concluded that the taint of the initial unlawful arrest had been dissipated by a proper arrest based upon independent evidence establishing probable cause and that the statements made subsequent to that illegal arrest were not obtained by exploitation of the primary illegality. The burden of establishing the admissibility of the statements of defendant made to the police was upon the People *(Brown v Illinois, supra)* and they presented insufficient facts at the suppression hearing to establish probable cause for defendant's arrest. Based upon the record at the suppression hearing, no significant intervening events dissipated the taint of the illegal arrest with respect to the admissions introduced in evidence at the trial. At the new trial directed herein the defendant's statements to the police should be excluded. All concur, except Moule and Dillon, JJ., who dissent and vote to affirm the judgment, in the following memorandum: While the mere administration of the *Miranda* warnings will not dissipate the taint of an illegal arrest, the admission into evidence of statements made after such warnings were given does not depend upon the establishment of probable cause for the arrest *(Brown v Illinois,* 422 US 590). Thus, where it can be shown that the statements were not obtained by "exploitation of an illegal arrest" *(supra , p 603)* and were "sufficiently an act of free will" *(Wong Sun v United States,* 371 US 471, 486), the primary taint of the illegal arrest is purged. Once this burden is met, the existence of probable cause for the arrest is irrelevant and the statements are admissible. In the instant case, sufficient facts were presented to establish that the statements made by defendant were totally voluntary and were not the product of the "compulsion inherent in custodial surroundings." *(Miranda v Arizona,* 384 US 436, 458.) Since no significant evidence to the contrary was presented, the court's denial of the motion to suppress was in all respects proper. In any event there was substantial evidence to support the finding that there was sufficient probable cause to justify defendant's warrantless arrest. Such probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that defendant had committed the crime (see *People v Oden,* 36 NY2d 382, 384). The record discloses that defendant and his brother were initially stopped by the police as they approached a car which the police suspected had been used in the burglary. After admitting ownership of the vehicle, which was parked some 40 yards from the scene of the crime, defendant justified their presence in an upper middle class residential neighborhood at 10:00 P.M. by stating that they had been looking for parts for the automobile. These facts, when coupled with the officer's personal knowledge that there were no business establishments in that immediate area as well as a neighbor's statement that she had earlier seen two men get out of defendant's car and walk in the direction of the burglarized residence, clearly gave rise to more than "mere suspicion" on the part of the police that defendant was involved in the crime. Upon the totality of circumstances as developed in the record, these facts would constitute probable cause and thus regardless of the independent voluntariness of defendant's statements, such remarks would be admissible as following a lawful arrest. (Appeal from judgment of Onondaga County Court—burglary, second degree.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.