Murray Koenig, J.
On April 13, 1977, a motion to suppress and nonjury trial were held before this court. The preliminary hearing minutes were stipulated to as the testimony before the court. Legal argument was heard on the suppression issue.
Basically, the testimony at the hearing was that Patrolman Corpion, the arresting officer, and his partner observed the defendant Dwight Corley standing nearby a subway change *256 booth at the station at 167th St. and the Grand Concourse. Mr. Corley was not observed by Patrolman Corpion to be doing anything except standing outside the turnstiles for a period of 25 minutes. Several trains passed through the station during that time.
The two officers approached Mr. Corley intending to arrest him for loitering under suspicious circumstances — a violation of subdivision 6 of section 240.35 of the Penal Law. As they approached, Mr. Corley ran toward the stairs. Patrolman Corpion testified that when he caught him at the foot of the stairs, he was immediately placed under arrest for violation of subdivision 6 of section 240.35 of the Penal Law. A subsequent search revealed a loaded .32 caliber revolver.
Counsel for the defendant urges that Mr. Corley was arrested without probable cause and the subsequent search which revealed the gun was illegal. He points out that in the complaint itself the officer swore that he found the gun in a search incident to the loitering arrest.
Subdivision 6 of section 240.35 of the Penal Law (for which the defendant was originally arrested) was declared unconstitutional by the Court of Appeals in People v Berck (32 NY2d 567). As the court in People v Peterkin (48 AD2d 843) noted, no arrest made pursuant to subdivision 6 of section 240.35 of the Penal Law can be based upon probable cause since that unconstitutional statute does not demand probable cause. In Peterkin, upon which defense counsel relies heavily, a robbery indictment was dismissed by the court which found that the sole evidence of robbery was the product of a search incident to an arrest for subdivision 6 of section 240.35 of the Penal Law. Upon the same basis defense counsel requested the suppression of the gun in this case and a verdict of not guilty.
The Fourth Amendment commands that probable cause and statutory authority to arrest, precede every search (People v Roach, 44 Misc 2d 40).
The sequential pattern of the foregoing, when summarized generally, unfolds along the following line of legal principle:
An arrest is the deprivation of a person’s liberty by legal authority.
Such arrest may be made by a police officer under well-defined guidelines for a violation of law; one such guideline being probable cause that the person arrested violated the law.
*257 A search made incident to such a lawful arrest may be properly made and any evidence discovered thereby may be used in the prosecution of the individual arrested.
An arrest was made in this case for the violation of a law that had been declared unconstitutional some two years prior to the incident. (Penal Law, § 240.35, subd 6, cf. People v Berck, 32 NY2d 567, supra.) An unconstitutional law is incapable of being violated as it is in effect a nonentity, and with such status the question of probable cause does not arise.
Any search made pursuant to an unlawful arrest is improper and the product of such a search is not admissible. Thus the contention of the defendant is well founded and the logic of the factual framework inescapable. The weapon seized was produced by an illegal search of the defendant and cannot be introduced.
The motion to suppress is therefore granted and the defendant is acquitted.