■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO MELENDEZ, Appellant. [805 NYS2d 914]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), rendered March 3, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that reversal is required because his interpreter was inadequate. We reject that contention inasmuch as defendant has failed to establish that he was prejudiced by the alleged errors in translation (*see People v Dat Pham*, 283 AD2d 952 [2001], *lv denied* 96 NY2d 900 [2001]). Contrary to the further contention of defendant, "his intent to commit a crime [in the dwelling] can be inferred from the circumstances of the breaking and entering" (*People v Clarke*, 233 AD2d 831, 832 [1996], *lv denied* 89 NY2d 1010 [1997]). Thus, we reject his contention concerning the alleged legal insufficiency of the evidence to support the conviction (*see id.*; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we reject his additional contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, the grand jury was instructed based on a verbatim reading of Penal Law § 140.25, and we therefore reject defendant's contention concerning the alleged inadequacy of the prosecutor's grand jury instructions with respect to burglary in the second degree (*see generally People v Calbud, Inc.*, 49 NY2d 389, 395 [1980]; *People v Douglas*, 288 AD2d 859 [2001], *lv denied* 97 NY2d 681

[2001]). Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.