THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. COPELAND, Appellant. [816 NYS2d 264]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 16, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, gang assault in the first degree, conspiracy in the second degree and criminal facilitation in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and conspiracy in the second degree (§ 105.15), defendant contends that Supreme Court erred in failing to grant his motion to limit the prosecutor's cross-examination of him before the grand jury with respect to prior uncharged crimes. We reject that contention inasmuch as the evidence of prior uncharged crimes was relevant to establish the connection between defendant and the victim (see People v Welch, 2 AD3d 1354, 1356 [2003], lv denied 2 NY3d 747 [2004]). Contrary to defendant's contention, the record establishes that the first indictment was dismissed based on the prosecutor's failure to give the appropriate limiting instruction with respect to those prior uncharged crimes, not based on improper questioning of defendant by the prosecutor. The record further establishes that, during the re-presentment of the charges, the prosecutor stated his intent to question defendant with respect to prior uncharged crimes but to give the appropriate limiting instruction.

Also contrary to defendant's contention, the court properly refused to dismiss the second indictment pursuant to CPL 210.20 (6). The record establishes that defendant agreed to a delay of 50 days prior to the submission of the second indictment to the grand jury to enable the court to decide his motion to limit the prosecutor's cross-examination of him with respect to prior uncharged crimes.

The court also properly denied defendant's motion for a mistrial based on prosecutorial misconduct. Defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct when he referred to testimony in his opening statement that ultimately was not presented because the witness did not testify. The court gave a curative instruction in its jury charge, as requested by defendant, and defendant's general objection to the court's charge does not preserve defendant's present contention for our review (see People v Brunson, 1 AD3d 375 [2003], lv denied 1 NY3d 569 [2003]). In any event, we note that "there is no evidence of bad faith on the part of the prosecutor" inasmuch as the People anticipated that the witness would testify at trial, and the court alleviated any prejudice to defendant by its curative instruction (People v Santiago, 289 AD2d 1070, 1071 [2001], lv denied 97 NY2d 761 [2002]). Defendant further contends that the prosecutor engaged in misconduct by his remarks concerning the law, thereby denying defendant a fair trial. Even assuming, arguendo, that the prosecutor misstated the applicable law, we

conclude that defendant was not thereby denied a fair trial because the court gave a prompt curative instruction stating that it would instruct the jury on the applicable law, and the court indeed did so in its charge (*see People v Barnes*, 80 NY2d 867, 868 [1992]; *People v Robinson*, 16 AD3d 768, 770 [2005], *lv denied* 4 NY3d 856 [2005]).

Contrary to defendant's further contentions, the court properly charged the jury with respect to accomplice liability (*see People v Wooley*, 187 AD2d 623 [1992], *lv denied* 81 NY2d 849 [1993]) and properly refused to give a circumstantial evidence charge (*see People v Roldan*, 88 NY2d 826, 827 [1996]). The evidence is legally sufficient to support the conviction of conspiracy in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant failed to preserve for our review his contention concerning the alleged inconsistency of the verdict (*see People v Alfaro*, 66 NY2d 985, 987 [1985]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Bryant*, 13 AD3d 1170, 1171 [2004], *lv denied* 4 NY3d 884 [2005]). Present—Scudder, J.P., Gorski, Martoche, Green and Hayes, JJ.