■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WALTER CASPER, III, Appellant. [839 NYS2d 397]—

Appeal from a judgment of the Ontario County Court (James
R. Harvey, J.), rendered September 13, 2000. The judgment
convicted defendant, upon a jury verdict, of murder in the
second degree.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously modified on the law by
reducing the conviction of murder in the second degree (Penal
Law § 125.25 [2]) to manslaughter in the second degree
(§ 125.15 [1]) and vacating the sentence imposed on count two
of the indictment and as modified the judgment is affirmed, and
the matter is remitted to Ontario County Court for sentencing
on the conviction of manslaughter in the second degree.

Memorandum: Defendant appeals from a judgment convicting
him upon a jury verdict of murder in the second degree (Penal
Law § 125.25 [2] [depraved indifference]). Contrary to the
contention of the People, we conclude that defendant's chal-
lenge to the legal sufficiency of the evidence is preserved for our
review (see People v Palmer, 34 AD3d 701, 702-703 [2006], lv
denied 8 NY3d 848 [2007]), and we further conclude that the
evidence is legally insufficient to support the conviction (see
generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evi-
dence presented at trial established that defendant caused the
death of his wife by causing or allowing the van in which she
was a passenger to go over a cliff. The jury acquitted defendant
of intentional murder (Penal Law § 125.25 [1]), thus finding
that the death was unintentional. In our view, the evidence does

not warrant a finding that defendant's conduct was "marked by uncommon brutality" (*People v Payne*, 3 NY3d 266, 271 [2004], *rearg denied* 3 NY3d 767 [2004]), "or any other hallmarks of wanton recklessness necessary to demonstrate 'circumstances evincing a depraved indifference to human life' " (*People v Dudley*, 31 AD3d 264, 264 [2006], *lv denied* 7 NY3d 866 [2006]). "Rather, while there is a rational view of the evidence that would support a finding that defendant's conduct was reckless, we conclude that such conduct 'did not fall within the small, and finite, category of cases evidencing utter depravity, uncommon brutality and inhuman cruelty required for depraved indifference murder' " (*People v Gilmore*, 41 AD3d 1162, 1164 [2007], quoting *People v McPherson*, 6 NY3d 202, 216 [2005]).

We further conclude, however, that there is sufficient evidence to sustain a conviction of the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; *see People v Packer*, 31 AD3d 1169, 1170 [2006], *lv denied* 7 NY3d 869 [2006]). Thus, we modify the judgment by reducing defendant's conviction of murder in the second degree to manslaughter in the second degree and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of manslaughter in the second degree (*see* CPL 470.20 [4]).

None of defendant's remaining contentions warrants reversal or further modification of the judgment. Contrary to the contention of defendant, the case against him was not entirely circumstantial and thus the court did not err in refusing to give a moral certainty charge (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Gerard*, 50 NY2d 392, 397-398 [1980], *rearg denied* 51 NY2d 770 [1980]; *People v Barnes*, 50 NY2d 375, 379-380 [1980]; *cf. People v Von Werne*, 41 NY2d 584, 589-590 [1977]). Where, as here, defendant's statements " 'could be interpreted as relevant admissions of guilt . . . , there [i]s both direct and circumstantial evidence,' and the court therefore [i]s not required to give a circumstantial evidence charge" (*People v Mastowski*, 26 AD3d 744, 746 [2006], *lv denied* 6 NY3d 850 [2006], 7 NY3d 815 [2006]; *see People v Licitra*, 47 NY2d 554, 558-559 [1979], *rearg denied* 53 NY2d 938 [1981]; *People v Rumble*, 45 NY2d 879, 880-881 [1978]; *People v Burgos*, 195 AD2d 978, 979 [1993], *lv denied* 82 NY2d 752 [1993]).

Defendant further contends that the court erred in referring to his written statement to the police as a "confession." Defendant did not object to the court's instruction on that specific ground and thus failed to preserve that contention for our

review (*see generally People v Copeland*, 30 AD3d 1022, 1023 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Vassar*, 30 AD3d 1051 [2006], *lv denied* 7 NY3d 796 [2006]), and defendant further waived that contention inasmuch as his proposed charge contained the same terminology (*see generally People v Wragg*, 41 AD3d 1273 [2007]). In any event, defendant's contention lacks merit. The court permissibly referred to the "confession" only when discussing the abstract principle of law relating to that term, and the court otherwise referred to defendant's "statement" or "statements" (*see People v Kingston*, 8 NY2d 384, 386-387 [1960]).

Defendant similarly failed to preserve for our review his contention that the court erred in instructing the jury that defendant did "not raise any issue that the statement was obtained in violation of law" (*see generally People v Robinson*, 88 NY2d 1001 [1996]). In any event, that language, which is set forth in the model charge (*see* 1 CJI[NY] 11.10), was appropriately charged in this case. Although defendant at trial challenged his statement to the officers as unreliable or untruthful, he did not challenge the interrogation itself as having been conducted in violation of his constitutional rights. Thus, when viewed in its entirety, the charge conveyed the proper legal standards for the jurors to apply to the facts of this case (*see generally People v Ladd*, 89 NY2d 893, 895-896 [1996]; *People v Brunson*, 1 AD3d 375 [2003], *lv denied* 1 NY3d 569 [2003]).

Contrary to defendant's further contention, the court did not abuse its discretion in precluding defendant's accident reconstruction expert from providing certain opinion testimony, inasmuch as that testimony would have been speculative, i.e., it would have been unsupported by facts established on the record or fairly inferred therefrom (*see generally People v Cronin*, 60 NY2d 430, 432-433 [1983]; *People v Robinson*, 174 AD2d 998, 999 [1991], *lv denied* 78 NY2d 1014 [1991]; *People v Bellini*, 162 AD2d 693 [1990], *lv denied* 76 NY2d 937 [1990]).

The court did not err in admitting in evidence a note written by the victim under the state of mind exception to the hearsay rule. The note was relevant to defendant's motive to harm the victim (*see People v Sutherland*, 154 NY 345, 351-353 [1897]; *People v Martinez*, 257 AD2d 410 [1999], *lv denied* 93 NY2d 876 [1999]; *cf. People v Wlasiuk*, 32 AD3d 674, 679-680 [2006], *lv dismissed* 7 NY3d 871 [2006]; *see generally* Prince, Richardson on Evidence § 8-106 [Farrell 11th ed]). Moreover, the circumstances sufficiently demonstrated that defendant had read the note before the homicide (*see Sutherland*, 154 NY at 351-352). The note was addressed to defendant and was found four days

after the homicide, torn up in the garbage in defendant's garage. Furthermore, the note was obviously written by the victim before the homicide, and referred to the victim's apparent sadness "this morning" about a "dream" of defendant that, according to other evidence in the case, had occurred two to three weeks prior to the homicide. In any event, we conclude that any error in admitting the note in evidence is harmless (*see Sutherland*, 154 NY at 353-354; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.