■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JACKSON, Appellant. [885 NYS2d 856]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 10, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of stolen property in the fifth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant was acquitted of burglary in the third degree (§ 140.20). Viewing the evidence in light of the elements of criminal possession of stolen property in the fifth degree (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "[D]efendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [trier of fact] to draw a permissible inference that defendant knew the property was stolen" (*People v Landfair*, 191 AD2d 825, 826 [1993], *lv denied* 81 NY2d 1015 [1993]; *see People v Jackson*, 282 AD2d 830, 832-833 [2001], *lv denied* 96 NY2d 902 [2001]). We thus conclude that Supreme Court was entitled to infer from the circumstantial evidence presented by the People that defendant knowingly possessed stolen property for his own benefit (*see* Penal Law § 165.40; *see generally People v Zorcik*, 67 NY2d 670, 671 [1986]), and it cannot be said that the court failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his further contention that the verdict is inconsistent insofar as the court found him guilty of criminal possession of stolen property based on his possession of a bicycle but acquitted him of the burglary during which that bicycle was stolen (*see generally People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Putt*, 303 AD2d 992 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.