THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKIE J. ROBINSON, Appellant. [975 NYS2d 830]—

Appeal from a judgment of the Erie County Court (James A. W. McLeod, A.J.), rendered August 29, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law §§ 20.00, 155.30 [1]). We reject defendant's contention that the evidence is legally insufficient to establish that he intended to steal the property at issue or that the value of that property was greater than $1,000 (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, the testimony of an accomplice was adequately corroborated inasmuch as surveillance video footage, as well as the testimony of a store employee and a police officer who responded to the scene " 'tend[ed] to connect the defendant with the commission of the crime in such a way as [could] reasonably satisfy the jury that the accomplice [was] telling the truth' " (*People v Reome*, 15 NY3d 188, 192 [2010], quoting *People v Dixon*, 231 NY 111, 116 [1921]; *see* CPL 60.22 [1]). We conclude that, viewing the evidence in light of the elements of the crime as charged to the jury, the verdict is not against the weight of the evidence (*see Danielson*, 9 NY3d at 349; *see generally Bleakley*, 69 NY2d at 495).

Although we agree with defendant that County Court abused its discretion in refusing to admit in evidence a noncollateral prior inconsistent statement of an accomplice who testified for

the prosecution (*see People v Duncan*, 46 NY2d 74, 80 [1978], *rearg denied* 46 NY2d 940 [1979], *cert denied* 442 US 910 [1979]), we conclude that the error "is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted" (*People v Cartledge*, 50 AD3d 1555, 1555-1556 [2008], *lv denied* 10 NY3d 957 [2008]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Likewise, to the extent that the court erred in refusing to admit in evidence a notarized document signed by an accomplice, we conclude that the error is harmless (*see Cartledge*, 50 AD3d at 1555-1556; *see generally Crimmins*, 36 NY2d at 241-242).

Defendant contends that he was deprived of a fair trial by prosecutorial misconduct based on two comments made by the prosecutor on summation. Defendant's challenge to the first comment is unpreserved for our review inasmuch as defendant's "objection[ ] w[as] sustained without any request for a curative instruction and the court is thus deemed to have corrected any error to defendant's satisfaction" (*People v Ennis*, 107 AD3d 1617, 1620 [2013]). We decline to exercise our power to review defendant's contention with respect to that comment as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Although we agree with defendant that the prosecutor's second comment impermissibly shifted the burden of proof, we conclude that the comment "w[as] not so . . . egregious as to deny defendant a fair trial" (*People v Rogers*, 103 AD3d 1150, 1153-1154 [2013], *lv denied* 21 NY3d 946 [2013]). Furthermore, "the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950 [1999], *lv denied* 93 NY2d 1024 [1999]). Present—Scudder, P.J., Fahey, Peradotto, Lindley and Valentino, JJ.