# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1127**

**KA 10-00817**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

CARL WATERFORD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered February 3, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and unauthorized use of a vehicle in the second degree (§ 165.06). Viewing the evidence in light of the elements of the crime of criminal possession of stolen property in the fourth degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). " '[D]efendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [trier of fact] to draw a permissible inference that defendant knew the property was stolen' " (*People v Jackson*, 66 AD3d 1415, 1416; *see People v Cintron*, 95 NY2d 329, 332). Here, the record establishes that defendant was found in possession of and the only occupant of the subject vehicle less than 12 hours from the time the vehicle was reported missing; that the vehicle was registered to persons other than defendant; that the vehicle contained personal effects of the registered owners; and that defendant abandoned the vehicle and fled from the police during a traffic stop. We conclude that the jury was entitled to infer from that circumstantial evidence that defendant knowingly possessed a stolen vehicle for his own benefit (*see* § 165.45; *Jackson*, 66 AD3d at

1416; *see also People v Kindler*, 83 AD3d 964, 964-965, *lv denied* 17 NY3d 797; *People v Pharr*, 288 AD2d 239, 239, *lv denied* 97 NY2d 759). Even assuming, arguendo, that a different verdict on that count would not have been unreasonable, we cannot conclude that the jurors failed to give the evidence the weight it should be accorded (*see People v Ohse*, 114 AD3d 1285, 1286-1287, *lv denied* 23 NY3d 1041; *see generally Bleakley*, 69 NY2d at 495).

We also reject defendant's contention that the jury charge with respect to the crime of unauthorized use of a vehicle in the second degree was ambiguous and a misstatement of the law that unconstitutionally required the jury to apply a statutory presumption. Penal Law § 165.05 (1), a prerequisite to the application of section 165.06, specifies that, where a defendant "takes, operates, exercises control over, rides in or otherwise uses a vehicle . . . without the consent of the owner[,] [the defendant] is presumed to know that he does not have such consent."  Although a charge that requires a jury to apply a presumption that shifts the burden of proof to the defendant is unconstitutional (*see Sandstrom v Montana*, 442 US 510, 524), here the record reveals that the charge sufficiently conveyed to the jury that "it had a choice as to whether to apply the statutory presumption" (*People v Smith*, 23 AD3d 415, 416, *lv denied* 6 NY3d 781). Thus, we conclude that the charge was proper.

Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct during summation is not preserved for our review (*see People v Ross*, 118 AD3d 1413, 1416-1417, *lv denied* 24 NY3d 964; *see also People v Ettleman*, 109 AD3d 1126, 1126, *lv denied* 22 NY3d 1198; *People v Heck*, 103 AD3d 1140, 1143, *lv denied* 21 NY3d 1074).  In any event, that contention is without merit, inasmuch as we conclude that County Court's jury charge cured any potential prejudice caused by statements of the prosecutor on summation that may have shifted the burden of proof or constituted a misstatement of law (*see People v Robinson*, 111 AD3d 1358, 1359, *lv denied* 22 NY3d 1141; *see also People v Copeland*, 30 AD3d 1022, 1023-1024, *lv denied* 7 NY3d 847).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court