People v Reed (2018 NY Slip Op 05101)





People v Reed


2018 NY Slip Op 05101


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


779 KA 16-01950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM REED, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 29, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the third degree and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]), grand larceny in the third degree (§ 155.35 [1]), and criminal mischief in the fourth degree (§ 145.00 [1]), arising from an incident in which a home was burglarized while the homeowner was at work. The perpetrator broke through two sets of glass doors to gain entry into the dwelling and stole, among other items, jewelry valued in excess of $18,000 from the master bedroom. A blood-stained sweater was discovered on the floor in the master bedroom, and the blood was subsequently linked to defendant through DNA testing.
Defendant contends that County Court erred in denying his motion to dismiss the indictment on speedy trial grounds. Where, as here, a defendant seeks dismissal of the indictment based on the statutory right to a speedy trial and the People respond by identifying periods of time that should be excluded from the speedy trial calculation, the defendant " preserves challenges to the People's reliance on those exclusions for appellate review by identifying any legal or factual impediments to the use of those exclusions' " (People v Allard, 28 NY3d 41, 45 [2016]; quoting People v Goode, 87 NY2d 1045, 1047 [1996]). In response to defendant's motion, the People alleged, inter alia, that defendant had requested an adjournment during a proceeding on November 4, 2013 and, at an evidentiary hearing, they presented testimony in support of that allegation. At the evidentiary hearing, defendant did not contend, as he does on appeal, that the transcript of the November 4, 2013 proceeding does not support the court's determination that he had requested or consented to the adjournment on that date. Thus, defendant failed to preserve that contention for our review (see People v Brown, 82 AD3d 1698, 1699 [4th Dept 2011], lv denied 17 NY3d 792 [2011]; People v Elijah, 272 AD2d 273, 273 [1st Dept 2000], lv denied 95 NY2d 865 [2000]; see generally Allard, 28 NY3d at 46-47), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that he was deprived of a fair trial by three instances of alleged misconduct by the prosecutor on summation. Defendant correctly concedes, however, that he did not object to any of those alleged instances of prosecutorial misconduct, and thus he failed to preserve his contention for our review (see People v Lowery, 158 AD3d 1179, 1179 [4th Dept 2018]; People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that he was deprived of effective assistance of counsel because of numerous alleged errors by defense counsel. We reject defendant's contention that defense counsel was ineffective for failing to object to the alleged prosecutorial misconduct on summation. The prosecutor was entitled "to comment upon every pertinent matter of fact bearing upon the questions the jury [had] to decide" (People v Ashwal, 39 NY2d 105, 109 [1976] [internal quotation marks omitted]; see generally People v Galloway, 54 NY2d 396, 399 [1981]). In any event, even assuming, arguendo, that the prosecutor's comments were improper, we conclude that the alleged misconduct was not so egregious as to deny defendant a fair trial (see People v Ielfield, 132 AD3d 1298, 1299 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]; People v Hunter, 115 AD3d 1330, 1331 [4th Dept 2014], lv denied 23 NY3d 1038 [2014]). Defense counsel was therefore not ineffective for failing to object to the alleged instances of prosecutorial misconduct (see Lowery, 158 AD3d at 1180; People v Black, 137 AD3d 1679, 1681 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]).
We have considered defendant's remaining claims of ineffective assistance of counsel, and we conclude that he failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Carver, 27 NY3d 418, 421 [2016]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see People v Jackson, 66 AD3d 1415, 1416 [4th Dept 2009]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to infer that defendant had the requisite intent to commit burglary, larceny, and criminal mischief from the evidence that he broke doors to gain entry into the victim's home and removed valuables therefrom without the permission of the owner (see People v Melendez, 24 AD3d 1223, 1223 [4th Dept 2005], affd 8 NY3d 886 [2007]; see generally People v Frumusa, 134 AD3d 1503, 1504 [4th Dept 2015], affd 29 NY3d 364 [2017], rearg denied 29 NY3d 1110 [2017]). We note that resolution of issues of credibility and the weight to be accorded to the evidence are primarily questions to be determined by the jury (see People v Abon, 132 AD3d 1235, 1236 [4th Dept 2015], lv denied 27 NY3d 1127 [2016]), and we perceive no basis for disturbing the jury's determinations in this case.
Finally, the sentence is not unduly harsh or severe.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court