People v Brown (2019 NY Slip Op 05454)





People v Brown


2019 NY Slip Op 05454


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


402 KA 16-01656

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID A. BROWN, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
DAVID A. BROWN, DEFENDANT-APPELLANT PRO SE.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Steuben County Court (Mathew K. McCarthy, A.J.), rendered June 27, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree (three counts), criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree and possession of burglar's tools. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating the finding that defendant is a persistent felony offender, reducing the sentences imposed for burglary in the third degree under counts one, four, and five of the indictment to indeterminate terms of incarceration of 3½ to 7 years, reducing the sentence imposed for criminal possession of stolen property in the third degree under count two of the indictment to an indeterminate term of incarceration of 3½ to 7 years, reducing the sentence imposed for criminal possession of stolen property in the fourth degree under count six of the indictment to an indeterminate term of incarceration of 2 to 4 years, and directing that the sentences on counts two and six run consecutively to each other and that the sentences on counts one, three, four, and five run concurrently with each other and consecutively to the sentences imposed on counts two and six, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment that convicted him, following a jury trial, of three counts of burglary in the third degree (Penal Law § 140.20) and one count each of criminal possession of stolen property in the third degree (§ 165.50), criminal possession of stolen property in the fourth degree (§ 165.45 [5]), and possession of burglar's tools (§ 140.35). The charges arose after defendant stole a car, drove it to a motor home dealership that was closed for the day, entered three motor homes, and removed the wall-mounted televisions inside two of them. Although defendant had been offered the opportunity to plead guilty to one count of burglary in the third degree in return for a sentencing promise of an indeterminate term of 2½ to 5 years' incarceration, he rejected that offer and proceeded to trial pro se, where the jury returned a guilty verdict on all six counts in the indictment. County Court thereafter adjudicated defendant a persistent felony offender and sentenced him to indeterminate terms of incarceration of 15 years to life on each felony count and to a definite term of incarceration of one year on the misdemeanor count, i.e., possession of burglar's tools. All sentences are concurrent.
Defendant contends in his main brief that he was deprived of a fair trial because the court conducted a Buford inquiry during an ex parte colloquy with a sworn juror. Although defendant had a right to be present during the court's in camera inquiry into an impaneled juror's continuing fitness to serve because defendant was acting pro se (see generally People v Harris, 99 NY2d 202, 212 [2002]), he waived that right by expressly agreeing to the court's proposal that it conduct an in camera interview alone with the juror (see People v Pennisi, 217 AD2d 562, 563 [*2][2d Dept 1995], lv denied 86 NY2d 800 [1995]) and also failed to object when the court described that interview and determined that no further action was necessary.
Contrary to defendant's further contention in his main brief, the court did not commit reversible error by purportedly failing to accurately read the contents of a jury note to the parties before recalling the jury. A trial court's failure to disclose the contents of a jury note to a defendant is a mode of proceedings error that requires reversal where the error "deprived [the defendant] of the opportunity to have input, through counsel or otherwise, into the court's response to an important, substantive juror inquiry" (People v O'Rama, 78 NY2d 270, 279-280 [1991]). Here, the note was first read into the record in the presence of the jury, and the jury was then dismissed for the day so that the requested testimony could be prepared. Defendant therefore had opportunities after the jury's dismissal and before they were called back the following day to give input on the court's response to the jury's request and "was not prejudiced by the fact that the O'Rama steps may have occurred out of sequence" (People v James, 162 AD3d 1746, 1747 [4th Dept 2018], lv denied 32 NY3d 1112 [2018]; see People v McMahon, 275 AD2d 670, 670 [1st Dept 2000], lv denied 96 NY2d 761 [2001]; see also People v Sykes, 135 AD3d 535, 535 [1st Dept 2016], lv denied 27 NY3d 969 [2016]).
Defendant also argues in his main brief that the court's jury charge with respect to the burglary counts improperly expanded the prosecution's theory, i.e., it referred to his intent to commit "a crime inside" the motor homes rather than to the theory in the indictment—that he intended to commit larceny. Defendant asserts that reversal is therefore required because he may have been convicted on the unindicted theory of criminal mischief (see generally People v Graves, 136 AD3d 1347, 1348-1349 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]). We reject that contention. None of the evidence presented at trial suggested that defendant had any intent other than to commit larceny. Indeed, the testimony established that there was no damage to the motor homes that he entered or to the televisions therein, that defendant was arrested while in the process of removing one of the televisions from a motor home, and that another television had been removed and "staged" near the door of the motor home for easy removal. Thus, this is not a case in which the evidence might have established uncharged theories (cf. id.).
Viewing the evidence in light of the elements of burglary in the third degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main and pro se supplemental briefs that the verdict on the burglary count regarding the motor home from which no television was taken is against the weight of the evidence with respect to the element of intent (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded (see id.). "Larcenous intent . . . is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions" (People v Russell, 41 AD3d 1094, 1096 [3d Dept 2007], lv denied 10 NY3d 964 [2008]). Here, the People presented evidence that defendant's footprints led from the stolen vehicle to three separate motor homes, including the one in which he was apprehended, and that defendant did not have permission to be inside any of the motor homes. Although the first motor home that defendant entered was not equipped with a television, the jury was entitled to infer his larcenous intent based on the evidence that defendant removed a television from the second motor home and was apprehended in the act of removing a television from the third motor home while carrying a bag containing tools commonly associated with burglaries.
Contrary to defendant's further contention in his main and pro se supplemental briefs, when viewing the evidence in light of the elements of criminal possession of stolen property in the fourth degree as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict on that crime is not against the weight of the evidence with respect to the element of knowledge (see generally Bleakley, 69 NY2d at 495). " [D]efendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [factfinder] to draw a permissible inference that defendant knew the property was stolen' " (People v Jackson, 66 AD3d 1415, 1416 [4th Dept 2009]; see People v Waterford, 124 AD3d 1246, 1247 [4th Dept 2015], lv denied 26 NY3d 972 [2015]). Here, the People presented evidence that defendant did not have permission to use the vehicle, that the vehicle had been left unlocked at the dealership with the key fob inside, and that defendant was found in possession of the key fob when he was arrested. We conclude that [*3]the jury was entitled to infer from the circumstantial evidence presented by the People that defendant knowingly possessed the stolen vehicle for his own benefit (see Penal Law § 165.45 [5]; Waterford, 124 AD3d at 1247; Jackson, 66 AD3d at 1416), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that the imposition of persistent felony offender status is unduly harsh and severe. The sentencing court's determination to sentence a defendant as a persistent felony offender "cannot be held erroneous as a matter of law, unless [that] court acts arbitrarily or irrationally" (People v Rivera, 5 NY3d 61, 68 [2005], cert denied 546 US 984 [2005]). Even where the sentencing court does not err as a matter of law in adjudicating a defendant to be a persistent felony offender, "[t]he Appellate Division, in its own discretion, may conclude that a persistent felony offender sentence is too harsh or otherwise improvident" (id.). "In this way, the Appellate Division can and should mitigate inappropriately severe applications of the statute" (id.). "A determination by the Appellate Division to vacate a harsh or severe persistent felony offender finding is authorized by CPL 470.20 (6), which grants the Appellate Division discretion to modify sentences in the interest of justice without deference to the sentencing court' " (People v Ellison, 167 AD3d 1552, 1553 [4th Dept 2018], quoting People v Delgado, 80 NY2d 780, 783 [1992]; see also People v Meacham, 151 AD3d 1666, 1670 [4th Dept 2017], lv denied 30 NY3d 981 [2017]).
Here, although defendant's extensive criminal record provided a basis for sentencing him as a persistent felony offender, we nevertheless exercise our discretion in the interest of justice to vacate that finding (see People v Lusby, 2 AD3d 1332, 1333 [4th Dept 2003]; People v Beckwith, 309 AD2d 1253, 1254 [4th Dept 2003]; People v Collazo, 273 AD2d 93, 93 [1st Dept 2000], lv denied 95 NY2d 889 [2000]). Despite defendant's frequent involvement with law enforcement, nothing in the presentence report indicates that he has ever been violent or involved in drugs, and he has never been convicted of any crime more serious than a class D felony. Moreover, a sentence of 15 years to life is a particularly harsh penalty in light of the People's final pretrial plea offer of 2½ to 5 years' incarceration. We conclude that "[s]uch a disparity between the plea offer and the ultimate sentence militates in favor of a sentence reduction, especially for a nonviolent offender such as defendant" (Ellison, 167 AD3d at 1554).
Thus, as a matter of discretion in the interest of justice, we modify the judgment by vacating the finding that defendant is a persistent felony offender, reducing the sentences imposed for burglary in the third degree under counts one, four, and five of the indictment to indeterminate terms of incarceration of 3½ to 7 years, reducing the sentence imposed for criminal possession of stolen property in the third degree under count two of the indictment to an indeterminate term of incarceration of 3½ to 7 years, reducing the sentence imposed for criminal possession of stolen property in the fourth degree under count six of the indictment to an indeterminate term of incarceration of 2 to 4 years, and directing that the sentences on counts two and six run consecutively to each other and that the sentences on counts one, three, four, and five run concurrently with each other and consecutively to the sentences imposed on counts two and six. Those are the maximum sentences that may be imposed upon a second felony offender for the subject crimes (see Penal Law § 70.06 [3] [d], [e]; [4] [b]). The aggregate sentence as modified is 9 to 18 years.
We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants further modification or reversal of the judgment.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court