■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAMILTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered June 25, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was charged in a three-count indictment, with murder in the second degree under Penal Law § 125.25 (1) (intentional murder), murder in the second degree under Penal Law § 125.25 (3) (felony murder), and burglary in the second degree (Penal Law § 140.25). During the trial, the court instructed the jury that if it found the defendant guilty on the felony murder count, it need not deliberate on the separate burglary count. The jury acquitted the defendant of intentional murder and convicted him of felony murder.

We do not consider the defendant's claim that the verdict is repugnant, inasmuch as he did not object to the verdict prior to the discharge of the jury *(see, People v Satloff,* 56 NY2d 745).

In a felony murder prosecution, there is no requirement that there be corroboration of a confession to the underlying predicate felony *(People v Davis,* 46 NY2d 780). The purpose of

the corroboration statute (CPL 60.50) is to obviate the danger that there may be a conviction for a crime when in fact no such crime has been committed by anyone *(People v Anderson,* 80 AD2d 33, 37). It has been construed only as requiring proof by independent evidence that the confessed crime occurred *(People v Safian,* 46 NY2d 181, 186, *cert denied sub nom. Miner v New York,* 443 US 912). While the defendant's admissions to three witnesses cannot satisfy the corroboration requirement, that requirement was satisfied by the evidence that the victim was found dead of stab wounds. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.