■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered May 4, 1982, convicting him of robbery in the first degree and murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of robbery in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

The proof adduced against the defendant at trial consisted of his statements to two acquaintances that he robbed someone of about $7 and then stabbed the victim in the back. The victim's lifeless body was discovered later that same night, a relatively short distance from the place where the defendant told his story. An autopsy performed on the deceased revealed that he died as a result of a stab wound in his back.

Pursuant to CPL 60.50, a conviction may not be based solely on a defendant's admission or confession: the People must provide "additional proof that the offense charged has been committed". However, as the People readily concede, no evidence was presented to corroborate the defendant's admission that he relieved the deceased of about $7. Therefore, an element of the crime of robbery has not been established, to

wit: a larcenous taking *(see, People v Ruckdeschel,* 51 AD2d 861). However, corroboration of felony murder was adduced as the People produced a corpus delicti, i.e., that the deceased was a victim of homicide resulting from someone's criminality *(see, People v Lipsky,* 57 NY2d 560; *People v Davis,* 46 NY2d 780; *People v Murray,* 40 NY2d 327, *cert denied* 430 US 948). Moreover, dismissal of the underlying felony count does not necessitate a similar result with respect to a conviction of felony murder *(see, People v Murray, supra,* at p 334; *People v Dennis,* 33 NY2d 996, *affg* 40 AD2d 959; *People v Wroblewski,* 109 AD2d 39, 44, *affd* 67 NY2d 933; *People v Scott,* 93 AD2d 754, 755).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for review or without merit. Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.