■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS LESZCZYNSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered June 20, 1986, convicting him of robbery in the first degree, robbery in the second degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree on the theory that, while acting in concert with the codefendant, he forcibly stole money and, in the course of the commission of the crime or the immediate flight therefrom, a participant in the crime used a dangerous instrument, i.e., a car (see, Penal Law § 160.15 [3]). He contends on appeal that his conviction on this count is repugnant to the verdict acquitting him of unauthorized use of a motor vehicle in the first degree (see, Penal Law § 165.08). The defendant's claim is not preserved for appellate review. It is well settled that a repugnancy objection to a verdict must be raised at a time when any defect in the verdict may still be cured (see, People v Alfaro, 66 NY2d 985, 987; People v Satloff, 56 NY2d 745, 746; People v Tucker, 55 NY2d 1; People v Hamilton, 121 AD2d 395). That was not done, and we decline to reach this issue in the interest of justice.

Viewing the evidence adduced at trial in the light most

favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant attributes prejudicial error to certain of the prosecutor's remarks on summation. Of those contentions properly preserved for appellate review *(see, People v Medina,* 53 NY2d 951), none substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment *(see, People v Galloway,* 54 NY2d 396).

We have examined the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.