■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR VARGAS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered April 12, 1989, convicting him of murder in the second degree under Indictment No. 1228/88, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered April 12, 1989, under Indictment No. 5773/81, revoking a sentence of probation previously

imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree. The appeal from the judgment rendered under Indictment No. 1228/88 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's felony murder conviction arose out of the shooting death of a robbery victim. The People introduced evidence, *inter alia*, that on three separate occasions the defendant admitted to the key prosecution witness that he had participated in the robbery and shooting. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [2]), since the jury could reasonably find that the witness who testified as to the defendant's admissions was credible. Although there were inconsistencies in this witness's testimony, they were not so significant as to render her testimony incredible as a matter of law *(see, People v Punter,* 149 AD2d 631).

Contrary to the defendant's contention, CPL 60.50 does not require corroboration of the defendant's admission to the underlying predicate felony of a felony murder prosecution *(see, People v Davis,* 46 NY2d 780, 781; *People v Murray,* 40 NY2d 327, 329, *cert denied* 430 US 948; *People v Hamilton,* 121 AD2d 395). It is sufficient if, as here, the evidence clearly shows that the deceased was a victim of a homicide and that the death was the result of someone's criminality *(see, People v Velez,* 122 AD2d 178).

Further, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the jacket and hat which he had left at the precinct following his interrogation. The police had probable cause to arrest the defendant when they brought him to the precinct for questioning *(see, People v Bouton,* 50 NY2d 130; *People v Robinson,* 122 AD2d 173). Thus, the seizure of the clothing did not result from any illegal police conduct.

The sentencing court did not improvidently exercise its

discretion in sentencing the defendant (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.