■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO VILA, Appellant. [617 NYS2d 495] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 21, 1992, convicting him of murder in the second degree and conspiracy in the

second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

While serving a sentence on an unrelated charge, the defendant confessed to having shot Felippa Savoy to death at the behest of his codefendant, Rocco Pannetta, in exchange for cocaine, cash, and relief from a debt. Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that his confession, which he gave to two Nassau County detectives at a New York State correctional facility, was obtained in violation of his right to an attorney. The detectives and a State police investigator, whose function at the interview was to protect the defendant's rights, testified that they informed the defendant at the outset of the questioning that he was not in custody and was free to leave the interview room and go back to his cell at any time. Under these circumstances, the defendant could not have reasonably believed "that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility" (*People v Alls*, 83 NY2d 94, 100, *cert denied* — US —, 114 S Ct 1850). In any event, the hearing testimony makes clear that, after receiving *Miranda* warnings, the defendant waived his right to counsel and voluntarily spoke to the detectives. Contrary to the defendant's further contention, the fact that the detectives showed him Pannetta's incriminating statement during the questioning did not render his ensuing statement the product of psychological coercion (see, *People v Ferro*, 92 AD2d 298, *revd on other grounds* 63 NY2d 316, *cert denied* 472 US 1007; *People v Caruso*, 45 AD2d 804).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit or do not require reversal, in light of the overwhelming proof of guilt. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.