(November 26, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YVETTE CHICO, Appellant. [650 NYS2d 150] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 2, 1994, convicting defendant, after a nonjury trial, of two counts of hindering prosecution in the first degree, and sentencing her to concurrent terms of 1 to 3 years, affirmed.

The evidence that defendant witnessed a person commit a class A felony, and that defendant, on at least two occasions, rendered criminal assistance to that person by warning him of impending discovery or apprehension, was legally sufficient to support a finding of defendant's guilt of hindering prosecution in the first degree (Penal Law §§ 205.65, 205.50 [2]).

The corroboration statute (CPL 60.50) only requires "proof by independent evidence that the confessed crime occurred" (*People v Hamilton* 121 AD2d 395, 396). The requirement was satisfied here by the detectives' testimony that defendant rendered criminal assistance to a murder suspect. That

defendant's statements to the police, that she had witnessed the suspect commit the homicide, was the only evidence adduced at trial that a class A felony had been committed by that person did not render the corroboration insufficient since the corroboration requirement does not apply to the underlying felony (*see, supra,* at 395, citing *People v Davis,* 46 NY2d 780; *People v Agard,* 111 AD2d 821, *lv denied* 66 NY2d 613). Concur—Sullivan, Rubin, Ross and Nardelli, JJ.

Murphy, P. J., dissents in a memorandum as follows: I respectfully dissent. Penal Law § 205.65 provides that a person is guilty of hindering prosecution in the first degree "when he renders criminal assistance to a person who has committed a class A felony, knowing or believing that such person has engaged in conduct constituting a class A felony". Proof that the assisted person committed a class A felony is an essential requirement for conviction under section 205.65 (*People v Clough,* 43 AD2d 451, 453). That fact, like all requisite elements of criminal conduct, must be demonstrated at trial beyond a reasonable doubt (CPL 70.20; *In re Winship,* 397 US 358, 361-364). As the Third Department noted in *People v Clough* (43 AD2d, *supra,* at 453, n 2), "Where possible, such proof may be presented in the form of a certificate of conviction of the person to whom the assistance was rendered; in other cases, independent evidence proving that such person committed the requisite felony will be necessary".

In the matter at bar, defendant Chico stood accused of hindering the prosecution of Marcus Rivera, a person sought for the murder of one Robert Corperone. At trial, the People sought to prove Rivera's criminal conduct through police testimony about statements made by defendant Chico on March 24, 1994, approximately eighteen months after Corperone's death, implicating Rivera and several others as Corperone's killers. Chico purportedly repeated those statements at a police station later that day, but declined to sign a record of her remarks. She was unrepresented at the time she made these statements, and her allegations against Rivera were never subject to critical examination or cross-examination by counsel. At the time of this police interview, Chico informed her questioners that she had recently been physically abused by Rivera.

In my view, the People simply failed to prove Rivera's guilt of a class A felony beyond a reasonable doubt. Section 205.65 plainly distinguishes between an objective showing of Rivera's felonious conduct and a showing of Chico's subjective awareness of Rivera's criminality. This statutory distinction compels

the conclusion that Chico's subjective impressions, standing alone, cannot constitute proof of Rivera's criminal behavior beyond a reasonable doubt. The statute requires some quantum of additional or corroborating evidence of actual criminal conduct as a matter of law. We need not decide upon the precise quantum of corroboration needed in the matter at bar, for the additional evidence presented by the People at trial—police testimony that Corperone was murdered and that Rivera had been indicted for the crime—failed to bolster the proof of Rivera's criminality in any meaningful respect. Consequently, I would reverse the judgment of the trial court as a matter of law and dismiss the count of hindering prosecution in the first degree.