■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE RODRIGUEZ, Appellant. [680 NYS2d 213] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 8, 1995, convicting defendant, after a jury trial, of murder in the second degree and two counts of robbery in the first degree, and sentencing him to concurrent terms of 15 years to life and 8⅓ to 25 years, and a consecutive term of 8⅓ to 25 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress statements. His current claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that since there was no restriction on defendant's freedom over and above his ordinary prison confinement on an unrelated matter when he was asked if he knew the codefendant and answered affirmatively, *Miranda* warnings were not required (*People v Alls*, 83 NY2d 94, *cert denied* 511 US 1090; *United States v Menzer*, 29 F3d 1223, 1230-1233, *cert denied* 513 US 1002; *People v Vila*, 208 AD2d 781, *lv denied* 85 NY2d 867). In any event, the evidence also showed that immediately prior to administration of the *Miranda* warnings, defendant was merely handed a written statement inculpating him in the crimes and was specifically asked not to comment thereon. In these circumstances, there was no

basis upon which to suppress defendant's statements made following prompt administration of the *Miranda* warnings (*see, People v Tarleton*, 184 AD2d 463, *lv denied* 80 NY2d 910).

Imposition of consecutive sentences on one of the two robbery convictions and the felony murder conviction was appropriate since the court properly determined that the trial record showed the acts committed in connection with each robbery were separate and distinct (*People v Laureano*, 87 NY2d 640, 644). Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ. [As amended by unpublished order entered January 9, 1999.]