■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HUDGINS, Appellant. [797 NYS2d 760]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered December 18, 2001, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and robbery in the first degree beyond a reasonable doubt. Contrary to the defendant's contention, his admissions to the police were abundantly corroborated by independent evidence that the offenses charged were committed (*see* CPL 60.50; *People v Chico*, 90 NY2d 585 [1997]; *People v Davis*, 46 NY2d 780, 781 [1978]; *People v Reyes*, 204 AD2d 361 [1994];

*People v Vargas*, 181 AD2d 806 [1992]; *People v Hamilton*, 121 AD2d 395 [1986]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by prosecutorial misconduct during the People's summation. The defendant did not object to some of the remarks at issue, made general one-word objections to others, and did not request curative instructions when his objections were sustained (*see* CPL 470.05 [2]; *People v Tevaha*, 84 NY2d 879 [1994]; *People v Heide*, 84 NY2d 943 [1994]; *People v Medina*, 53 NY2d 951 [1981]). In any event, the defendant's contention is without merit because, to the extent that the remarks did not constitute either fair comment on the evidence or permissive rhetorical responses to the defense summation (*see People v Martinez*, 17 AD3d 484 [2005]; *People v Vachet*, 4 AD3d 492 [2004]), any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Thornton,* 4 AD3d 561, 563 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.