■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RODRIGUEZ, Appellant. [816 NYS2d 79]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 23, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his right to confront witnesses against him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20 [1995]; *People v Cato,* 22 AD3d 863 [2005], *lv denied* 6 NY3d 774 [2006]). In any event, the prosecution was properly permitted to question Detective Kevin Smith about the knowledge he derived from other persons for the nonhearsay purpose of rebutting the defense argument that the detective had fabricated portions of the defendant's second written statement (*see Tennessee v Street,* 471 US 409, 414 [1985]; *People v Reynoso,* 309 AD2d 769, 770-771 [2003], *affd* 2 NY3d 820 [2004]; *People v Rodriguez,* 210 AD2d 266 [1994]), and further, the defense had already opened the door to the prosecutor's inquiry (*see People v Massie,* 2 NY3d 179, 183-184 [2004]; *People v Summers,* 20 AD3d 546 [2005]; *People v Reynoso, supra* at 770; *People v Kourani,* 256 AD2d 620, 622 [1998]).

The defendant's contention that the prosecutor's comments on summation constituted reversible error is unpreserved for appellate review (*see People v Heide,* 84 NY2d 943, 944 [1994]; *People v Tevaha,* 84 NY2d 879, 881 [1994]; *People v Hudgins,* 20 AD3d 489, 490 [2005], *lv denied* 5 NY3d 853 [2005]). In any event, although certain of the prosecutor's comments were improper (*see People v Shanis,* 36 NY2d 697, 699 [1975]; *People v Smith,* 288 AD2d 496, 497 [2001]), the errors were harmless

in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Hudgins, supra* at 490; *People v Richardson,* 294 AD2d 379 [2002]). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.