# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1029

KA 09-02512

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                        MEMORANDUM AND ORDER

TYQUAN L. RIVERA, DEFENDANT-APPELLANT.

---

MARK D. FUNK, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered October 16, 2009. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him as a juvenile offender, upon a jury verdict, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]) in the shooting of a Rochester police officer. We reject defendant's contention that he was deprived of effective assistance of counsel based solely on an allegedly prejudicial statement that defense counsel made during his opening statement concerning a rumor that the shooting was part of a gang initiation, which defense counsel promptly stated was baseless. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152; *see People v Atkins*, 107 AD3d 1465, 1465). Such an error did not occur here. This was a high publicity case, and defendant has not demonstrated " 'the absence of strategic or other legitimate explanations' for counsel's alleged shortcoming[]" (*People v Benevento*, 91 NY2d 708, 712). In addition to contending that the above error by itself warrants reversal, defendant also contends that there were other instances of ineffectiveness. We conclude, however, that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, we conclude that the

evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "The fact that no one saw defendant fire the shot that [injured] the victim does not render the evidence legally insufficient, inasmuch as there was ample circumstantial evidence establishing defendant's identity as the shooter" (*People v Moore* [appeal No. 2], 78 AD3d 1658, 1659, *lv denied* 17 NY3d 798).  Moreover, "[w]here, as here, defendant's statements could be interpreted as relevant admissions of guilt . . . , there [i]s both direct and circumstantial evidence" of defendant's guilt (*People v Casper*, 42 AD3d 887, 888, *lv denied* 9 NY3d 990 [internal quotation marks omitted]).  Finally, we have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court