# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

980

KA 11-00632

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

AARON JACKSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 20, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i] [b]). Defendant's contention that his plea was not knowingly, voluntarily and intelligently entered is not preserved for our review because defendant did not move to withdraw his plea or to vacate the judgment of conviction on that ground (*see People v Brown*, 115 AD3d 1204, 1205; *People v Oldham*, 24 AD3d 1289, 1289, *lv denied* 6 NY3d 779). Contrary to defendant's further contention, his factual allocution did not indicate a lack of intent or attempt, and thus County Court had no duty to make a further inquiry into those elements during the plea allocution (*see generally People v Lopez*, 71 NY2d 662, 666).

We reject defendant's contention that the court failed to make an appropriate inquiry into his complaints concerning defense counsel and in response to his request for new counsel. We conclude that the court made the requisite " 'minimal inquiry' " into defendant's reasons for requesting new counsel (*People v Porto*, 16 NY3d 93, 100). Indeed, the record establishes that "the court afforded defendant the opportunity to express his objections concerning [defense counsel], and . . . thereafter reasonably concluded that defendant's . . . objections had no merit or substance" (*People v Singletary*, 63 AD3d 1654, 1654, *lv denied* 13 NY3d 839 [internal quotation marks omitted]; *see People v Walker*, 114 AD3d 1257, 1258, *lv denied* ___ NY3d ___ [July

24, 2014]).  Finally, we reject defendant's contention that the negotiated sentence is unduly harsh and severe.

Entered:  September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court