# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**771**

**KA 13-02207**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEITH A. SMITH, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 18, 2013.  The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (four counts) and perjury in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), four counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and perjury in the first degree (§ 210.15).  We reject defendant's contention that County Court erred in permitting the People to present evidence concerning his prior uncharged drug sales.  That evidence was admissible to establish defendant's intent to sell drugs, a necessary element of each of the controlled substance charges (*see People v Laws*, 27 AD3d 1116, 1117, *lv denied* 7 NY3d 758).  In addition, the evidence of those uncharged crimes was admissible to establish the perjury charge (*see People v De Vivo*, 282 AD2d 770, 771, *lv denied* 96 NY2d 900).  Moreover, the court properly concluded that the probative value of the evidence outweighed its prejudicial effect (*see People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797), and it gave an appropriate limiting instruction (*see People v Rogers*, 103 AD3d 1150, 1152-1153, *lv denied* 21 NY3d 946).

Defendant's contention "that he was denied a fair trial based upon prosecutorial misconduct is unpreserved for our review inasmuch as defendant did not object to any of the alleged instances of misconduct" (*People v Paul*, 78 AD3d 1684, 1684, *lv denied* 16 NY3d 834; *see* CPL 470.05 [2]).  We decline to exercise our power to review that

contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We reject defendant's contention that the verdict finding him guilty of the controlled substance offenses is against the weight of the evidence.  Viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court