OPINION OF THE COURT
John L. DeMarco, J.
Appeal from a judgment of the Greece Town Court (Campbell, J.), Monroe County, rendered May 7, 2014. The judgment convicted defendant, following a jury trial, of reckless endangerment in the second degree (Penal Law § 120.20) and endangering the welfare of a child (Penal Law § 260.10 [1]).
On appeal, defendant argues three principal points: (1) that the prosecutor’s pervasive and prejudicial misconduct during the trial violated her due process right to a fair trial; (2) that the trial court committed reversible error by allowing a prosecution witness to give expert testimony, inasmuch as the prosecutor gave no expert notice, and expressly stated that she was not calling her witness as an expert witness and would not be qualifying the witness as an expert; and (3) that she was denied her constitutional and statutory right to be present during a material stage of the trial, namely, at sidebar discussions with potential jurors discussing their ability to fairly and impartially decide the case.
Although defendant’s prosecutorial misconduct claim was not properly preserved (see CPL 470.05 [2]; see also People v Smith, 129 AD3d 1549, 1549-1550 [4th Dept 2015]), under the circumstances presented, the court has nevertheless chosen to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]) and concludes, upon that review, that defendant is entitled to a new trial. While “[r]eversal is an ill-suited remedy for prosecutorial misconduct” (People v Galloway, 54 NY2d 396, 401 [1981]), it “is . . . *655 mandated when the conduct of the prosecutor has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law” (People v Griffin, 125 AD3d 1509, 1511 [2015] [internal quotation marks omitted]).
“In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached” (id. [citation and internal quotation marks omitted]).
The lion’s share of defendant’s brief is dedicated to her contention that the prosecutor’s misconduct during summation substantially prejudiced her fundamental right to a fair trial. The court agrees. The record reveals that the prosecutor’s misconduct during summation—the various instances of which are exhaustively detailed in defendant’s brief—was pervasive and severe. Nor was the misconduct ever diluted by the trial judge[1] (see People v Casanova, 119 AD3d 976, 979 [3d Dept 2014]). In addition, contrary to the People’s contention, the *656 prosecutor’s comments in summation cannot, on the whole, be considered a fair response to defense counsel’s summation. The brunt of the prosecutor’s summation “lead the jury away from the issues by drawing irrevelant and inflammatory conclusions which have a decided tendency to prejudice the jury against the defendant” (People v Ashwal, 39 NY2d 105, 110 [1976]). Even assuming, arguendo, that the prosecutor’s use of the phrase “smoke and mirrors”[2] and her additional comments to the effect that her witness had no reason to lie, when viewed in their proper context, may have been fair responses to defense counsel’s summation, the prosecutor’s summation included various other improper comments and mischaracterizations of critical evidence (see id. at 109-110) which, when taken together, “substantially prejudiced defendant’s rights” (People v Calabria, 94 NY2d 519, 523 [2000]).
Inasmuch as the record reveals that the evidence in this case was not overwhelming, the court cannot say that without the prosecutor’s misconduct the jury would have undoubtedly *657 rendered the same verdict (see Griffin, 125 AD3d at 1512 [citations omitted]; see also People v Mott, 94 AD2d 415, 419 [4th Dept 1983]), especially given the inflammatory nature of the charges (see People v Riback, 13 NY3d 416, 423 [2009]), and thus, a new trial is required (see People v Crimmins, 36 NY2d 230, 237 [1975]). In light of this determination, the court need not reach defendant’s additional contentions.
It is hereby ordered that the judgment so appealed from is reversed on the law and as a matter of discretion in the interest of justice, the defendant’s convictions are vacated, and the matter is remitted to Greece Town Court for a new trial of the accusatory instruments, pursuant to CPL 470.20 (1).

. But, to be clear, the trial judge had virtually no recourse. The court notes that defendant essentially all but concedes that her trial counsel, also from the Public Defender’s Office, was ineffective for “[t]he lack of objection” to the prosecutor’s misconduct in summation (see defendant’s brief at 25), as well as for failing to advise her “of her right to be present at sidebar conferences with prospective jurors who did not wish to discuss certain matters publicly” (defendant’s brief at 36).
In light of the first of these claims, the court observes that the facts here are generally akin to those presented in People v Wright (25 NY3d 769 [July 1, 2015]), where the Court of Appeals reversed the Fourth Department and found that defendant was denied meaningful representation for failing to object during summation where the prosecutor’s arguments exceeded the four corners of the evidence, consisted of a pattern of misstatements and affirmative misrepresentations regarding the most critical portions of the evidence, and included requests of the jury to draw conclusions not fairly inferable from the evidence.
The trial prosecutor’s misconduct here, according to the arguments in point one of defendant’s brief, is commensurate with the misconduct eschewed in Wright and related authorities cited by defendant. In reviewing the relevant trial evidence and the prosecutor’s summation, this court descries no reasonable strategy for leaving the prosecutor’s improper statements, but for one objection, unchallenged (see People v Fisher, 18 NY3d 964, 967 [2012]; Wright). On the whole, “[t]he prosecutor’s summation . . . directed the jury’s attention elsewhere—a circumstance that competent defense counsel should have sought to prevent” (Fisher, 18 NY3d at 966). Juxtaposing Wright and Fisher with defendant’s trial counsel’s inactions here would appear to equal ineffective assistance of counsel (see also People v *656 Washington, 122 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 1173 [2015] [implying that defense counsel’s failure to object to a pattern of improper comments in summation constitutes ineffective assistance of counsel]; People v Gottsche, 118 AD3d 1303, 1306-1307 [4th Dept 2014], lv denied 24 NY3d 1084 [2014] [same]). Indeed, defendant’s distinct awareness of her trial counsel’s inactions in the face of virtually every instance of alleged prosecutorial misconduct in summation resounds between the lines of her brief.
Be that as it may, as defendant, for whatever reason, strategic or otherwise, has never raised the issue, and the People have not sought to disqualify the Public Defender as appellate counsel on the ground that defendant’s arguments on appeal entail a concomitant claim of ineffective assistance of counsel, that issue is not now before the court.

. The court is somewhat disquieted by defendant’s denouncement of the trial prosecutor’s use of the phrase “smoke and mirrors” when, indeed, it was defendant’s trial counsel who, in the first instance during defendant’s opening statement, characterized the People’s case as “a lot of smoke and mirrors and . . . distractions” (tr at 211), and then, again, during defendant’s summation, expressly denigrated the introduction of medical records into the People’s case as having been done “[f]or smoke and mirror effect, to distract [the jury] from the reality! ] . . . [that the People’s] witness . . . can’t keep her story straight! ]” (tr at 365). The court fails to see how defendant’s condemnations regarding the trial prosecutor’s responsive use of the phrase “smoke and mirrors” in summation are not equally applicable to her (defendant’s) trial counsel. And while the court appreciates that defendant’s trial counsel’s use of the phrase “smoke and mirrors” during her opening statement is, strictly speaking, beside the point at issue, that the phrase appears to have been strategically woven into defendant’s general theme makes her failure to acknowledge that she, too, used it—and on the offensive, at that— all the more curious.