# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**692**

**KA 12-01676**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRANDON E. HARPER, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRANDON E. HARPER, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 4, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree (two counts) and attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is modified as a matter of discretion in the interest of justice and on the law by reversing the conviction of attempted robbery in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of one count of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), two counts of murder in the second degree (§ 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [2]), defendant contends, inter alia, that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. With respect to the sufficiency of the evidence, defendant contends that there is insufficient evidence that the killing was in furtherance of an attempted robbery or that an attempted robbery even occurred. Specifically, defendant contends that there was no proof to corroborate defendant's admission that the homicide occurred during an attempted robbery. Inasmuch as defendant did not move to dismiss the first count of the indictment, charging defendant with murder in the first degree, on the ground that there was insufficient evidence of an attempted robbery and did not move to dismiss the attempted robbery count on the ground that defendant's admission was not corroborated, defendant has failed to preserve for our review those contentions with

respect to those counts of the indictment (*see People v Gray*, 86 NY2d 10, 19).  He did, however, preserve those contentions for our review with respect to the felony murder count of the indictment, and we exercise our power to review the unpreserved contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

"A person may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed" (CPL 60.50; *see generally People v Chico*, 90 NY2d 585, 589-590).  With respect to the counts of murder in the first degree and felony murder, it is well settled that "CPL 60.50 does not require corroboration of defendant's confession to the underlying predicate felony" to sustain a conviction of murder in the first degree or felony murder, when the charge is based on a murder committed in the course of and in furtherance of one of many enumerated felonies (*People v Davis*, 46 NY2d 780, 781; *see People v Daley*, 47 NY2d 916, 917, *rearg denied* 48 NY2d 882; *People v Lytton*, 257 NY 310, 313-314; *People v Alexander*, 51 AD3d 1380, 1382, *lv denied* 11 NY3d 733).  "The effect of the confession corroboration statute is to require proof of the corpus delicti" (*People v Murray*, 40 NY2d 327, 331, *rearg denied* 40 NY2d 1080, *cert denied* 430 US 948).  With felony murder and murder in the first degree, the corpus delicti is a death resulting from someone's criminality, i.e., a death that did not occur by suicide, disease or accident (*see id.* at 332-333; *Lytton*, 257 NY at 313-314).  The fact that the victim was found dead as the result of a gunshot wound is sufficient corroboration (*see People v Hamilton*, 121 AD2d 395, 396).

The same analysis does not apply to the underlying felony itself.  Where, as here, there is no corroboration of a defendant's confession with respect to the underlying felony, that count of the indictment charging the defendant with the underlying felony must be dismissed (*see People v Velez*, 122 AD2d 178, 178-179, *lv denied* 70 NY2d 658; *see also Davis*, 46 NY2d at 781; *Murray*, 40 NY2d at 330-331).  Here, as in *Velez*, there was no " 'additional proof that the offense [of attempted robbery] ha[d] been committed' " (*id.* at 178, quoting CPL 60.50).  We therefore modify the judgment accordingly.

Contrary to defendant's further contention, the verdict is not against the weight of the evidence on the issues of his identity as the shooter and his intent to kill the victim (*see generally People v Bleakley*, 69 NY2d 490, 495).  In our view, "there was ample circumstantial evidence establishing defendant's identity as the shooter" (*People v Moore* [appeal No. 2], 78 AD3d 1658, 1659, *lv denied* 17 NY3d 798; *see People v Rivera*, 112 AD3d 1288, 1289, *lv denied* 23 NY3d 1024), as well as his intent to kill.  "[I]t should be obvious that the more the defendant shoots . . . the victim, the more clearly intentional is the homicide" (*People v Payne*, 3 NY3d 266, 272, *rearg denied* 3 NY3d 767).  Here, the evidence established that there were multiple shots fired at the victim.  We thus conclude that defendant's "criminal intent was readily inferable from his conduct" (*People v Guy*, 93 AD3d 877, 881, *lv denied* 19 NY3d 961; *see Payne*, 3 NY3d at 272).

Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to move to preclude defendant's written confession and failure to raise certain contentions in moving to suppress defendant's statements. We reject that contention. There is no dispute that neither the initial CPL 710.30 notice nor the revised CPL 710.30 notice referenced defendant's written statement. While preclusion may have been warranted (*see People v Phillips*, 183 AD2d 856, 858, *lv denied* 80 NY2d 908), defense counsel made the strategic decision to pursue suppression of the statement, rendering the statement admissible at trial (*see People v Lane*, 132 AD2d 855, 856, *lv denied* 70 NY2d 801). We are "not prepared to say that [defense counsel's] decision to proceed with the motion to suppress [instead of a motion to preclude] deprived his client of the effective assistance of counsel" (*People v Borthwick*, 51 AD3d 1211, 1216, *lv denied* 11 NY3d 734). In any event, "[d]efendant's assertion of an ineffective assistance of counsel claim based on defense counsel's strategic decision to seek suppression of statements instead of moving to preclude the statements based on the People's failure to provide a CPL 710.30 notice require[s] a CPL 440.10 motion in order to afford defense counsel an opportunity to explain his strategy" (*People v Milsner*, 34 Misc 3d 150[A], 2011 NY Slip Op 52496[U], *2, *lv denied* 18 NY3d 884; *see People v Gross*, 21 AD3d 1224, 1225).

Defendant further contends in his main brief and his pro se supplemental brief that defense counsel was ineffective in failing to pursue suppression of the post-*Miranda* statements on the grounds that there was a single, continuous chain of events and that the statements were obtained as a result of a pretextual arrest for trespass. Those contentions lack merit. First, the evidence at the *Huntley* hearing established that there was a "definite, pronounced break in the interrogation" (*People v Chapple*, 38 NY2d 112, 115). There was over one hour between the initial *Miranda* violation and the issuance of *Miranda* warnings, which were followed by the post-*Miranda* statements. Different officers were involved, and there was a change in location (*see People v Paulman*, 5 NY3d 122, 130-131; *People v Heck*, 103 AD3d 1140, 1142, *lv denied* 21 NY3d 1074; *People v Parker*, 50 AD3d 1607, 1607, *lv denied* 11 NY3d 792; *cf. People v Bethea*, 67 NY2d 364, 366-368; *Chapple*, 38 NY2d at 115). Moreover, "the brevity of the initial exchange is significant" (*People v White*, 10 NY3d 286, 292, *cert denied* 555 US 897). Second, defendant's arrest for a minor offense "cannot be characterized as a 'sham' merely because, after [defendant] was taken into custody, the police were more interested in questioning him about a different and graver crime" (*People v Fulton*, 257 AD2d 774, 775, *lv denied* 93 NY2d 1018; *see People v Clarke*, 5 AD3d 807, 810, *lv denied* 2 NY3d 797; *cf. People v Burley*, 60 AD2d 973, 973-974). We thus conclude that defendant has failed to establish that defense counsel was ineffective in failing to seek suppression on those grounds, inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152).

Defendant contends that County Court erred in its charge to the

jury when it stated on one occasion that the murder had to occur in the course of *or* in furtherance of the attempted robbery. Defendant failed to object to that misstatement, however, and failed to preserve for our review his contention that the misstatement lessened the People's burden of proof (*see Gray*, 86 NY2d at 19; *People v Roman*, 190 AD2d 831, 831, *affd* 83 NY2d 866). In any event, defendant's contention lacks merit. The court repeatedly instructed the jury that the murder had to occur in the course of *and* in furtherance of the attempted robbery, and we conclude that "the charge as a whole adequately conveyed the required standard" (*People v Samuels*, 99 NY2d 20, 26).

Defendant waived any challenge to the court's annotation of the verdict sheet inasmuch as he requested the annotation (*see People v Cipollina*, 94 AD3d 1549, 1550, *lv denied* 19 NY3d 971). In addition, by failing to object to the prosecutor's summation, defendant failed to preserve for our review his contention that he was denied a fair trial when the prosecutor misstated the law concerning felony murder (*see People v Waterford*, 124 AD3d 1246, 1247-1248; *People v Goodman*, 190 AD2d 862, 862, *lv denied* 81 NY2d 971). In any event, that contention lacks merit. "To the extent that a portion of the prosecutor's summation could be viewed as containing a misstatement of law, . . . any prejudice was avoided by the court's instructions, which the jury is presumed to have followed" (*People v Padin*, 121 AD3d 628, 629; *see Waterford*, 124 AD3d at 1247-1248).

Contrary to defendant's contention, the court properly allowed the girlfriend of a codefendant to testify concerning statements made by defendant and the codefendant immediately after the incident. Those statements qualified as both excited utterances (*see People v Johnson*, 1 NY3d 302, 305-306; *People v Edwards*, 47 NY2d 493, 497), and adoptive admissions (*see People v Campney*, 94 NY2d 307, 311-312). Defendant further contends that the admission of the codefendant's statements made to and in front of the codefendant's girlfriend violated defendant's right of confrontation. That contention is not preserved for our review, and such a contention, whether based on *Bruton v United States* (391 US 123) or *Crawford v Washington* (541 US 36), requires preservation (*see People v Kello*, 96 NY2d 740, 744; *People v Gilocompo*, 125 AD3d 1000, 1001). In any event, we have reviewed defendant's contention and conclude that it lacks merit. There was no *Bruton* violation where, as here, defendant and the codefendant were not tried jointly (*see People v Baker*, 26 NY2d 169, 172-173), and there was no *Crawford* violation because the statements were "neither elicited in a formal manner nor elicited by an investigator" (*People v Paul*, 25 AD3d 165, 170, *lv denied* 6 NY3d 757).

Finally, we agree with defendant that the certificate of conviction incorrectly recites that he was convicted of murder in the first degree as a "murder of a police officer." The certificate of conviction must therefore be amended to reflect that he was convicted under Penal Law § 125.27 (1) (a) (vii) (*see e.g. People v Knighton*, 109 AD3d 1205, 1206; *People v Jackson*, 41 AD3d 1268, 1268-1269, *lv denied* 10 NY3d 812, *reconsideration denied* 11 NY3d 789).

All concur except S<small>CONIERS</small>, J., who is not participating.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court