# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

601

KA 13-01066

PRESENT: WHALEN, P.J., NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

AARON JACKSON, ALSO KNOWN AS ARRON JACKSON,
DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (John H.
Crandall, A.J.), rendered March 28, 2013. The judgment convicted
defendant, upon a jury verdict, of murder in the second degree,
manslaughter in the second degree, attempted robbery in the first
degree (two counts), attempted robbery in the second degree and
criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reversing those parts convicting
defendant of attempted robbery in the first degree and attempted
robbery in the second degree, and dismissing counts four through six
of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of, inter alia, murder in the second degree (Penal
Law § 125.25 [3]), two counts of attempted robbery in the first degree
(§§ 110.00, 160.15 [1], [2]), and attempted robbery in the second
degree (§§ 110.00, 160.10 [1]). Defendant was sentenced to concurrent
terms of incarceration, the longest of which is a term of 25 years to
life, to be served consecutively to a like term that defendant was
serving pursuant to a previous conviction for the attempted murder of
a police officer (*People v Jackson*, 120 AD3d 1601, *lv denied* 26 NY3d
1040).

We conclude that Supreme Court (Brunetti, A.J.) properly denied
defendant's motion to suppress his October 28, 2011 statements to the
police as taken in violation of his *Miranda* rights and his state
constitutional right to counsel. Contrary to defendant's contention,
his statements to police on that date were not the product of a
custodial interrogation requiring the administration of *Miranda*
warnings at the outset of the interview (*see People v Passino*, 53 AD3d

204, 205-206, *affd* 12 NY3d 748; *see generally People v Alls*, 83 NY2d 94, 100, *cert denied* 511 US 1090).  *Miranda* warnings are required prior to the questioning of an inmate in a prison setting only "where 'the circumstances of the detention and interrogation . . . entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on that person's freedom over and above that of ordinary confinement in a correctional facility' " (*People v Hadfield*, 119 AD3d 1224, 1225, *lv denied* 24 NY3d 1002, quoting *Alls*, 83 NY2d at 100; *see Passino*, 53 AD3d at 205-206). Moreover, defendant "failed to meet his ultimate burden by presenting evidence establishing that he was in fact represented by counsel at the time of interrogation, as defendant contended" (*People v Hilts*, 19 AD3d 1178, 1179; *see People v Holloway*, 97 AD3d 1099, 1100, *lv denied* 19 NY3d 1026; *see generally People v Rosa*, 65 NY2d 380, 388). Further, the record demonstrates that defendant's claimed invocation of his right to counsel did not relate to the matter under investigation and did not occur while he was in police custody (*see People v Vila*, 208 AD2d 781, 782, *lv denied* 85 NY2d 867; *see also People v Fridman*, 71 NY2d 845, 846; *see generally People v Grice*, 100 NY2d 318, 321; *People v West*, 81 NY2d 370, 373-374).

We conclude that defendant was not deprived of a fair trial by alleged prosecutorial misconduct during the opening statement and on summation.  The remarks in question constituted fair comment on the evidence (*see People v Rivera*, 133 AD3d 1255, 1256; *People v Lofton*, 132 AD3d 1242, 1243) as well as fair response to the summation of defense counsel (*see People v Halm*, 81 NY2d 819, 821; *People v Walker*, 117 AD3d 1441, 1442, *lv denied* 23 NY3d 1044), and those remarks did not sidetrack the jurors from their ultimate responsibility of determining the facts essential to defendant's guilt or innocence (*see generally People v Calabria*, 94 NY2d 519, 523; *People v Alicea*, 37 NY2d 601, 605).

We conclude that the evidence is legally sufficient, in terms of the requisite corroboration of defendant's statement (*see* CPL 60.50), to support defendant's conviction of felony murder (*see People v Harper*, 132 AD3d 1230, 1231; *People v Hamilton*, 121 AD2d 395, 396; *see also People v Murray*, 40 NY2d 327, 331, *rearg denied* 40 NY2d 1080, *cert denied* 430 US 948).  We note that a conviction of felony murder, although requiring corroboration of defendant's confession with respect to the homicide, does not require corroboration of the confession with respect to the underlying predicate felony (*see Harper*, 132 AD3d at 1231).  On the other hand, we conclude that the evidence, more particularly the corroboration of defendant's confession, is legally insufficient to support the convictions of attempted robbery in the first and second degrees under counts four through six of the indictment (*see id.; People v Velez*, 122 AD2d 178, 178-179), and we modify the judgment accordingly.

We have considered defendant's remaining contentions, including the challenge to the severity of the sentence, and conclude that they

are without merit.

Entered:  July 1, 2016                          Frances E. Cafarell
                                             Clerk of the Court