# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**894**

**KA 14-00900**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TERRENCE REDFIELD, ALSO KNOWN AS TERRANCE,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

TERRENCE REDFIELD, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 28, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [4]), defendant contends, inter alia, that the conviction is not supported by legally sufficient evidence. We reject that contention. Viewing the evidence in the light most favorable to the People, we conclude that there is a " 'valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Acosta*, 80 NY2d 665, 672; *see People v Bleakley*, 69 NY2d 490, 495). Specifically, we conclude that the evidence is legally sufficient to establish that defendant placed his hand on the vagina of the underage victim for the purpose of sexual gratification (*see* §§ 130.00 [3]; 130.65 [4]; *see also People v Chrisley*, 126 AD3d 1495, 1496, *lv denied* 26 NY3d 1007; *People v Graves*, 8 AD3d 1045, 1045, *lv denied* 3 NY3d 674). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to defendant's contention, the trial testimony of the victim " 'was not so inconsistent or unbelievable as to render it incredible as a matter of law' " (*People v Adams*, 59 AD3d 928, 929, *lv denied* 12 NY3d 813; *see People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982).

We reject defendant's contention that Supreme Court erred in permitting the People to adduce evidence of his subsequent immoral conduct towards the victim.  Such evidence was relevant to establish the nature of the relationship between defendant and the victim and to place "the charged conduct in context" (*People v Leeson*, 12 NY3d 823, 827; *see People v Maxey*, 129 AD3d 1664, 1665, *lv denied* 27 NY3d 1002, *reconsideration denied* 28 NY3d 933; *People v Young*, 99 AD2d 373, 375; *see also People v Denson*, 26 NY3d 179, 186-188).  Such evidence also was relevant to show defendant's motive and intent at the time of the charged offense.  The court did not abuse its discretion in concluding that the probative worth of the evidence on those matters outweighed the danger of unfair prejudice to defendant (*see Denson*, 26 NY3d at 186-187; *People v Dorm*, 12 NY3d 16, 19).  Concerning the remaining aspects of the court's pretrial ruling, we conclude that the proffered evidence, which concerned the affectionate nature of the relationship between defendant and the victim and defendant's purchase of swimwear for the victim prior to the charged offense, did not constitute *Molineux* evidence (*see generally People v Englert*, 130 AD3d 1532, 1533, *lv denied* 26 NY3d 967, *reconsideration denied* 26 NY3d 1144).  We further conclude that the court did not err in admitting that non-*Molineux* evidence pursuant to general principles governing relevancy (*see generally People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998).

Contrary to defendant's contention, the prosecutor did not personally vouch for the credibility of the victim and thereby make himself an unsworn witness against defendant (*see People v Moye*, 12 NY3d 743, 744; *People v Typhair*, 12 AD3d 832, 834, *lv denied* 4 NY3d 803; *see generally People v Lovello*, 1 NY2d 436, 438-439).  Moreover, the prosecutor's attempts to persuade the jurors as to the credibility of the victim and her account constituted fair comment on the evidence (*see People v Rivera*, 133 AD3d 1255, 1256, *lv denied* 27 NY3d 1154), and fair response to the summation of defense counsel (*see People v Halm*, 81 NY2d 819, 821; *People v Jackson*, 141 AD3d 1095, 1096).  Defendant's remaining claims of prosecutorial misconduct are not preserved for our review, and we decline to exercise our power to review those claims as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Smith*, 129 AD3d 1549, 1549-1550, *lv denied* 26 NY3d 971).

We have considered defendant's remaining contentions raised in his main and pro se supplemental briefs and conclude that none warrants reversal or modification of the judgment.

Entered:  November 10, 2016                      Frances E. Cafarell
                                                  Clerk of the Court