# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**653**

**KA 07-00150**

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GLENN A. PENDERGRAPH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 29, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Defendant's contention that he was denied a fair trial based upon prosecutorial misconduct is unpreserved for our review inasmuch as defendant did not object to any of the alleged instances of misconduct (*see* CPL 470.05 [2]; *People v Smith*, 129 AD3d 1549, 1549, *lv denied* 26 NY3d 971). In any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Hendrix*, 132 AD3d 1348, 1348, *lv denied* 26 NY3d 1145 [internal quotation marks omitted]).

We reject defendant's contention that he was denied effective assistance of counsel. With respect to the alleged instances of prosecutorial misconduct, inasmuch as they were not so egregious as to deprive defendant of a fair trial, "defense counsel's failure to object thereto did not deprive defendant of effective assistance of counsel" (*id.* at 1348). With respect to the remaining instances of alleged ineffective assistance, we conclude that defendant has failed to demonstrate a lack of strategic or other legitimate explanations for defense counsel's alleged shortcomings (*see generally People v Benevento*, 91 NY2d 708, 713). Moreover, considering the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant received

meaningful representation (*see People v Rivera*, 112 AD3d 1288, 1288, *lv denied* 23 NY3d 1024; *see generally People v Baldi*, 54 NY2d 137, 147).

We further reject defendant's contention that County Court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 without a hearing inasmuch as defendant failed to show that the alleged newly discovered evidence could not have been discovered prior to trial in the exercise of reasonable diligence (*see People v Thomas*, 136 AD3d 1390, 1391, *lv denied* 27 NY3d 1140, *reconsideration denied* 28 NY3d 974).

Defendant failed to preserve for our review his contention that the court's *Molineux* ruling deprived him of a fair trial (*see People v Thomas*, 85 AD3d 1572, 1572, *affd* 21 NY3d 226), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, the sentence is not unduly harsh or severe.

Entered:  May 5, 2017                    Frances E. Cafarell
                                         Clerk of the Court